**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**
**MEMPHIS DIVISION**

FIL.

05 APR 26  AM 11: 3.

**UNITED STATES OF AMERICA**

ROBERT R. Di    C'iO
CLERK, U.S. DI    ST.
W.D. OF TN, MEMPHIS

-v-                                                        **2:04CR20180-B**

**JEFFREY W. DOTY**

**Stephen Leffler, Retained**
**Defense Attorney**
**707 Adams Avenue**
**Memphis, TN 38105**

---

## JUDGMENT IN A CRIMINAL CASE
### (For Offenses Committed On or After November 1, 1987)

The defendant pleaded guilty to Count 1,2,3 & 4 of the Indictment on August 30, 2004.
Accordingly, the court has adjudicated that the defendant is guilty of the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 2252(a)(4)(B) | Possession of Child Pornography | 04/07/2004 | 1 |
| 18 U.S.C. § 2252(a)(2) | Receipt of Child Pornography | 03/06/2004 | 2,3 & 4 |

The defendant is sentenced as provided in the following pages of this judgment. The
sentence is imposed pursuant to the Sentencing Reform Act of 1984 and the Mandatory
Victims Restitution Act of 1996

**IT IS FURTHER ORDERED** that the defendant shall notify the United States Attorney for
this district within 30 days of any change of name, residence, or mailing address until all
fines, restitution, costs and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No. 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
Defendant's Date of Birth: 6/15/1959
Deft's U.S. Marshal No.:   19605-076

Date of Imposition of Sentence:
April 25, 2005

Defendant's Mailing Address:
9096 Kerr-Rosemark Road
Rosemark, TN 38053

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

April __26__, 2005

This document entered on the docket sheet in compliance
with Rule 55 and/or 32(b) FRCrP on __4-29-05__

43

Case No: 2:04CR20180-B   Defendant Name: Jeffrey W. DOTY                Page 2 of 5

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **108 Months**.

The Court recommends to the Bureau of Prisons:

Placement at The Federal Correctional Institution at Butner, North Carolina.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at_____, with a certified copy of this judgment.

_____

UNITED STATES MARSHAL

By:_____

Deputy U.S. Marshal

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years**.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

While on supervised release, the defendant shall not commit another federal, state or local crime and shall not possess a firearm, ammunition, or destructive device as defined in 18 U.S.C. § 921.

The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

The defendant shall comply with the following standard conditions that have been adopted by this court.

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;

2. The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3. The defendant shall answer truthful all inquiries by the probation officer and follow the instructions of the probation officer;

4. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

5. The defendant shall notify the probation officer **ten(10) days prior** to any change in residence or employment;

6. The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician, and shall submit to periodic urinalysis tests as directed by the probation officer to determine the use of any controlled substance;

7. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered; The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

8. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

9. The defendant shall notify the probation officer within **72 hours** of being arrested or questioned by a law enforcement officer;

10.    The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

11.    As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

12.    If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

The defendant shall also comply with the following additional conditions of supervised release:

1) Participate in a specialized sex offender treatment program that may include use of pletysmograph and polygraph.

2) Refrain from purchasing, possessing, or utilizing any sexually stimulating or sexually oriented books, magazines, films, videos, computer programs, or any other media for portrayal of the same.

3) Do not loiter near school yards, playgrounds, swimming pools, arcades, or other places frequented by children.

4) Do not use sexually oriented telephone numbers or services.

5) Abide by an evening curfew as set by the Probation Officer.

6) Do not possess, or use, a computer with access to any "on-line computer service" at any location without the prior approval of the Probation Officer.  This includes any Internet Service provider, bulletin board system or any other public or private network or e-mail system.

7) Cooperate with the collection of DNA as directed by the Probation Officer.

8) Participate in substance abuse treatment and testing as directed by the Probation Officer.

9) Have no unsupervised contact with a minor.

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments.  The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options in the Schedule of Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $400.00 | | |

The Special Assessment shall be due immediately.

### FINE
No fine imposed.

### RESTITUTION
No Restitution was ordered.

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 43 in
  case 2:04-CR-20180 was distributed by fax, mail, or direct printing on
April 29, 2005 to the parties listed.

---

Stephen R. Leffler
LEFFLER LAW OFFICE
707 Adams Ave.
Memphis, TN 38105

Dan Newsom
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Honorable J. Breen
US DISTRICT COURT